## RILEY et al. v. COMMISSIONERS' COURT OF HUTCHINSON COUNTY et al. (No. 3163.)

Court of Civil Appeals of Texas. Amarillo.
Jan. 9, 1929.

J. A. Holmes, of Borger, for appellants.
Henry D. Meyers, of Stinnet, for appellee.

RANDOLPH, J. This suit was instituted by Dr. J. W. Head and the commissioners' court of Hutchinson county for the purpose of securing an injunction restraining George Riley, Mrs. George Riley, and Dr. W. T. Malone from in any way interfering with the possession, management, and control of the Malone Hospital, a hospital owned by Hutchinson county, by the said Dr. J. W. Head.

The petition was presented to the Hon. Newton P. Willis, judge of the Eighty-Fourth judicial district of Texas, on the 1st day of November, 1928, and on the same day, without notice to the defendants in said suit, said judge granted a temporary injunction, as prayed for in said petition. The defendants filed their answer and motion to dissolve the temporary injunction theretofore granted by the court, and, on the hearing, the judge of said court entered his order on the 17th day of November, 1928, dissolving the temporary injunction in favor of Dr. Head, but perpetuating the same in full force and effect in favor of the commissioners' court of Hutchinson county as against the Rileys and Dr. Malone. From this judgment appeal has been taken to this court by the Rileys and Malone.

There has been filed with the clerk of this court a motion made by the county attorney of Hutchinson county representing the commissioners' court of that county which was installed in office on the 1st day of January, 1929, in which motion it is recited "that the contract under which J. W. Head leased or assumed possession of said building, dated October 17, 1928, as executed by the County Commissioners, is without authority of law and is not to the best interests of Hutchinson county and is void as being against public policy. That said hospital should be under the control of a board of supervisors, as the law provides." In said motion it is also stated that the new commissioners' court desires to have said injunction dissolved that they may take steps to appoint such supervisors as required by law.

It appears that the original litigants were two doctors who were contesting for the possession of the hospital. The trial court, by his judgment, dissolved the injunction in favor of Dr. Head but continued it in full force and effect in favor of the commissioners' court, thereby, in our opinion, recognizing the right of the commissioners' court of Hutchinson county to the possession and control of the hospital.

It has always been the policy of this court to refuse to reverse the judgment of a trial court upon an agreement of the litigants that the judgment of said trial court is erroneous, or upon a confession of error, unless the record discloses that the trial court's judgment was, in fact or law, erroneous.

Because of the disposition of this appeal made by us for the reason below stated, we shall not discuss the validity of the contracts of lease made by the commissioners' court with each of the doctors, neither will we discuss the question of the power of the commissioners' court to enter into said contracts under articles 4478 to 4491, Revised Civil Statutes.

The appellants Dr. Malone and the Rileys are asserting a right to the possession, management, and control of the Hutchinson County Hospital under and by virtue of a contract which expired January 2, 1929. It will be observed that this contract was dated January 3, 1927, and was to continue in force and effect for a period of two years. This would make the contract expire on January 2, 1929. Consequently, as far as the right of said parties to the possession of said hospital is concerned, that right has expired, and the matter attempted to be litigated has become moot. A party out of possession, who is claiming such possession by virtue of an expired lease, is not entitled to a judgment restoring him to possession after the termination of his lease.

There being no question involved here but the question of possession, and the appellants' right to possession having expired, there is nothing for us to consider. This case does not come under the rule laid down in McWhorter v. Northcut, 94 Tex. 86, 58 S. W. 720, because there are no matters left to be litigated, and the question of who is to pay costs in the case cannot enter into our decision. Lacoste v. Duffy, 49 Tex. 767–768, 30 Am. Rep. 122; Southwestern Telegraph & Telephone Co. v. Galveston County (Tex. Civ. App.) 59 S. W. 589; Paris Electric Light & R. Co. v. Martin (Tex. Civ. App.) 31 S. W. 243; Holt v. Maverick, 86 Tex. 457, 25 S. W.

607; State v. Loomis (Tex. Civ. App.) 29 S. W. 415; Watkins v. Huff, 94 Tex. 631, 64 S. W. 682; Johnson v. Scott (Tex. Civ. App.) 111 S. W. 167, 168.

We therefore dismiss the appeal in this case, leaving the injunction as to the possession in favor of Hutchinson county, as rendered by the trial court, in full force and effect.