Jack A. PADGETT and wife, Leona Padgett,
Petitioners,

v.

MUTUAL BUILDING & LOAN ASSOCIA-
TION and Fred W. Bankhead,
Respondents.

Jack A. PADGETT and wife, Leona Padgett,
Appellants,

v.

MUTUAL BUILDING & LOAN ASSOCIA-
TION and Fred W. Bankhead,
Appellees.

Nos. 17270, 17273.

Court of Civil Appeals of Texas,
Fort Worth.

Aug. 25, 1971.

Johnson & Johnson, Fort Worth (no brief filed), for appellants.

Fred W. Bankhead, Weatherford (no brief filed), for appellees.

## OPINION ON MOTIONS

MASSEY, Chief Justice.

Cause No. 17270 is an original proceeding filed in this Court on August 2, 1971 by Jack A. Padgett and wife Leona Padgett, petitioners for injunctive relief to prevent the sale of realty scheduled to be held on Tuesday, August 3, 1971. The sale was to be held by Fred W. Bankhead, as trustee under a Deed of Trust given to secure indebtedness owing to Mutual Building and Loan Association, a corporation.

Cause No. 17273 is the number given an appeal taken from an order of the trial court refusing to grant appellants Padgett and wife a temporary injunction preventing the sale aforedescribed. Trial of the case, at least as applied to the petition for injunctive relief in the trial court, was on July 30, 1971. The trial court announced a refusal to grant the temporary injunction and Notice of Appeal was given. The record was filed in this court on August 6, 1971.

Petitioners/appellants have moved to consolidate. The motion is denied. For convenience, however, we write a single opinion applicable to both cases.

## THE ORIGINAL PROCEEDING (No. 17,270)

Our jurisdiction upon the original proceeding was necessarily predicated upon the matters presented and to be considered proved by the verified material made a part of it. In other words, if our jurisdiction existed it was by force of the matters so presented, as they obtained on August 2, 1971. (Despite the fact hearing was held on August 12, 1971.)

In particular it is to be noticed that the question of our appellate jurisdiction is to be settled by testing the efficacy of what petitioners/appellants had done, prior to presentation of their application on August 2, 1971, to effectively take an appeal to this court.

Respondents/appellees moved to dismiss the original proceeding because of our want of jurisdiction. We have concluded that the motion should be sustained.

There was a change of Texas Rules of Civil Procedure 363, "Appeal or Writ of Error Perfected" pursuant to the Amendment of Rules by the Supreme Court of March 31, 1941. Prior thereto Rule 363 provided that an appeal was "perfected" by giving notice of appeal (like unto the Federal Rules then in effect and serving as a model for our Texas Rules). The Amendment caused T. R. C. P. to revert to the former statutory requirement of filing the bond as one of the steps in perfecting the appeal. Maples v. Service Mut. Ins. Co., 169 S.W.2d 500 (Austin Civ.App., 1943, writ dism.). See also 5 Texas Bar Journal, p. 169, and 8 Texas Bar Journal, p. 14. See also concurrent change in T. R. C. P. 387, "Affirmance on Certificate" perforce the same 1941 Amendment.

In view of the amendatory action it is obvious that there is a distinction to be made between "taking" and "perfecting" an appeal; that notice of appeal under T. R. C. P. 353, "Notice of Appeal", is inoperative to afford any jurisdiction in the Court of Civil Appeals; and that jurisdiction is vested in the Court of Civil Appeals at the procedural "step" where the bond contemplated in T. R. C. P. 363 (where bond is required) or the affidavit in lieu thereof contemplated by T. R. C. P. 355, "Party Unable to Give Cost Bond", is filed in the trial court. At least such is true as applied to appeals generally.

The same rules of construction would apply to the amendment of the Rules of Civil Procedure as to the amendment of a statute, and the construction in cases of amendments of statutes would compel our conclusion aforesaid. 53 Tex.Jur.2d, p. 235, et seq., "Statutes", and Sec. 162, "(Construction)—In general", Sec. 179, "Modification of language", and Sec. 187, "(Construction)—Amendments and amendatory acts."

The situation, therefore, is identical to what it was before the enactment of the Texas Rules of Civil Procedure and under Vernon's Ann.Texas St., Art. 2267, which was repealed. Decisions under the article were to the effect that in instances where no bond (if required), or affidavit in lieu thereof, had been filed in the trial court the Court of Civil Appeals never acquired jurisdiction. Holt v. Riddle, 1 Texas Court of App. 145, § 341 (May 1, 1878); American Warehouse Co. v. Hamblen, 146 S.W. 1006 (San Antonio Civ.App., 1912, no writ hist.); and Dillard v. Wilson, 137 S. W. 152, Fort Worth Civ.App., 1911, no writ hist.).

■ Rule 385, T.R.C.P., "Appeals From Interlocutory Orders", was a rule in which the material provisions first became effective under Texas practice when our Rules of Civil Procedure were initially adopted. The requirement for Notice of Appeal is absent as a requisite preliminary procedural step in appeals from interlocutory orders. One who desires to appeal from such an order has his procedural burden eased in that respect. To give a notice of appeal would not benefit him, as investing the Court of Civil Appeals with jurisdiction, for it would not operate to invest the Court of Civil Appeals with any jurisdiction of the appeal even as applied to an appeal from a ruling or decision other than the interlocutory orders to which the rule has specific application.

■ The petitioners/appellants have shown us (by affidavit in support of their original proceeding) that it was because of inability to estimate the amount of the required appeal bond that the clerk of the trial court had refused to set the amount of a bond. That fact could not operate beneficially in this court, no authority existing for us to consider any matter of equity in the determination of our appellate jurisdiction.

No appeal bond having been filed, and the case not being one where no bond was required, our jurisdiction could only become invested through the filing of affidavit in lieu of a bond under T.R.C.P. 355. No such affidavit was filed.

■ We have no jurisdiction to issue the temporary restraining order sought in this original proceeding. Ogden v. King, 458 S.W.2d 691 (Waco Civ.App., 1970, no writ hist.). Therefore we dismiss the application for temporary injunction in Cause No. 17270 and tax costs therein against those who were the petitioners therefor.

## THE ANCILLARY PROCEEDING
### (No. 17,273)

Although the petitioners/appellants' application should not have been admitted, as it was on August 2, 1971, the identical relief sought thereby may now be lawfully obtained for they have now perfected their appeal from the order of the trial court. They filed cash in lieu of cost bond under the provisions of T.R.C.P. 354, "Cost Bond", on August 3, 1971. On August 6, 1971, they filed the transcript in this Court of Civil Appeals.

The number assigned to such case on appeal is No. 17273. On August 13, 1971, the appellants, as petitioners for injunctive relief ancillary to such pending appeal, sought a temporary injunction for the purpose of preserving our jurisdiction of the subject matter of the appeal by preventing the threatened Trustee's Sale of the property pending its disposition. Hearing was held upon the application on August 24, 1971.

**538**

The question posed, whether there exists a necessity for enjoining such a sale in order that our vested jurisdiction of the appeal would be preserved, has been determined by the Tyler Court in Dawson v. First National Bank of Troup, 417 S.W.2d 652. (Tyler Civ.App., 1967, no writ history). We agree with the holding that an injunction is necessary if our jurisdiction of the appeal under No. 17273 is to persist; that our jurisdiction would be defeated and the appeal become moot should the property be sold under the authority of the Deed of Trust.

Following the holding of the Tyler Court of Civil Appeals in *Dawson* we grant the temporary injunction prayed for by the application of August 13, 1971 pending disposition of the appeal under our No. 17273. Since the temporary injunction is to preserve our jurisdiction we require no bond.