J. Piner POWELL, Petitioner,

v.

FARM & HOME SAVINGS ASSOCIA-
TION et al., Respondents.

No. 17544.

Court of Civil Appeals of Texas,
Fort Worth.

April 19, 1974.

------◆------

Joe J. Johnson, Jr., Fort Worth, for petitioner.

William C. Pannell, Fort Worth, for respondent.

## OPINION

PER CURIAM.

This is an original proceeding before the appellate court. Petitioner J. Piner Powell requests that we issue a temporary injunction preventing the sale of certain realty under provisions of Deeds of Trust pending the hearing of an appeal perfected from the refusal of the District Court of Tarrant County to grant a temporary injunction preventing such a sale. (The record in the case on appeal has not yet reached this court, though there has been filed a Motion for Extension of Time to File Record.) Respondent is Farm & Home Savings Association.

Premise for request for injunction lies in the necessity that sale of the property must be enjoined if jurisdiction of the appeal is to be preserved.

■ On this we recently held that a petitioner for injunction would be entitled to the relief for which he prayed under like circumstances. Padgett v. Mutual Building & Loan Association, 504 S.W.2d 535 (Fort Worth, Civ.App., 1971, no writ history). In *Padgett* we followed the like holding in Dawson v. First National Bank of Troup, 417 S.W.2d 652 (Tyler Civ.App., 1967, no writ history). In *Dawson* the Tyler Court of Civil Appeals followed Madison v. Martinez, 42 S.W.2d 84 (Dallas Civ.App., 1931, error refused). By the Supreme Court's notation "refused" upon the application for

Writ of Error made in *Madison* it held that the judgment of the Dallas Court of Civil Appeals was correct and that the principles of law declared in its opinion were correctly determined. Hamilton v. Empire Gas & Fuel Co., 134 Tex. 377, 383, 110 S.W.2d 561, 565 (1937).

■ Since the question has had the attention of the Supreme Court we could be at liberty to do nothing other than grant the petition for temporary injunction unless there was some discretion to be exercised by the appellate court. Relative to the matter of discretion as opposed to duty on the part of the court to protect its jurisdiction by preserving the subject matter of litigation in order to make its decrees effective the Supreme Court, though speaking of the District Court at the time, stated that a court "will protect its jurisdiction" for such a purpose. City of Dallas v. Wright, 120 Tex. 190, 36 S.W.2d 973, 77 A.L.R. 709 (1931). Justice Funderburk spoke of the protection of the appellate court's jurisdiction as its "authority and duty". Ferguson v. Ferguson, 98 S.W.2d 847 (Eastland Civ.App., 1936, no writ history). In Bell v. Young, 20 S.W.2d 135 (Waco Civ.App., 1929, no writ history) the court spoke in terms as "this court has the right, and should, in the exercise thereof," protect its jurisdiction. In *Dawson,* supra, the court used the terms "a court will protect its jurisdiction by preserving the subject matter of the litigation". And in *Madison,* supra, we deem it inescapable, by construction of language, 42 S.W.2d on page 86 of the opinion where it speaks of unlawful invasion of the jurisdiction of the appellate court, that it is the duty of such court to prevent the destruction of its jurisdiction. Our holding, therefore, is that we do not have any discretion, but rather a duty to grant the petition for temporary injunction in this case since the instruments of the petition disclose existence of a litigious controversy in the trial court and an appeal from a judgment denying the relief there sought.

There is no doubt that our appellate jurisdiction has been invoked.

■■ The situation presents a peculiar irregularity: in the trial court the petitioner for temporary injunction, from a practical standpoint, is in the position where he might wisely seek beneficial delay—as well as a subsidiary benefit through saving the expense of the bond which would be necessary if his petition should be granted by actually trying to persuade the court to deny his request; and, simultaneously, with the respondent trying to protect himself by persuading the court to enjoin him upon the requirement that petitioner supply a substantial bond. The situation exists because if the petition for temporary injunction is denied all the petitioner has to do is perfect his appeal and hurry to the appellate court with an application for temporary injunction pending his appeal, without any bond securing respondent in any respect. There, if his documents are in order, he will be able to obtain injunction pending the appeal without bond because the writ of temporary injunction by the appellate court will be issued by it, in its own behalf theoretically, to protect its jurisdiction. When that reason provides basis for a writ of injunction the petitioner need supply no bond. This is the situation under existing law.

We grant the temporary injunction pending decision upon merits of the appeal.