T. Lowry WHITTAKER, Petitioner,

v.

Judge Robert M. BURNETT et al., Respondents.

No. 17879.

Court of Civil Appeals of Texas, Fort Worth.

Jan. 4, 1977.

T. Lowry Whittaker, pro se.

Robert M. Burnett, Judge, County Probate Court, Tarrant County, Fort Worth, pro se.

Robert G. Crow, Fort Worth, for Union Bank.

## OPINION

### PER CURIAM.

The matter under consideration is the petition for Writ of Prohibition permitted to be filed by Petitioner T. Lowry Whittaker. He prays that we enjoin Respondent Judge Robert M. Burnett of the Probate Court of Tarrant County from carrying into effect that certain portion of his Order of September 13, 1976 reading as follows: "It is, therefore, ORDERED, ADJUDGED and DECREED by the Court that the Respondent (Whittaker) be, and he is hereby, ordered to deliver to the Petitioner (The Union Bank of Fort Worth, Texas, which is also a party to the instant proceeding) all assets belonging to Abbie C. Whittaker that have come into his possession and control in whatever claimed capacity, . . . ."

From the above Order Whittaker has perfected his appeal. He has delivered up to the Union Bank, the Guardian of Petitioner's aged and incompetent mother, Abbie Whittaker, such property as he has confessed to belong to her and theretofore held by him as her temporary guardian. See V.A. T.S. Probate Code § 222 "(Guardian)—Removal". He has refused to deliver up certain other property which he asserts is held in trust and not in temporary guardianship, although its corpus was for the support and maintenance of his mother in the rest home where she is receiving care. Because of this failure to comply with the Order there is threat, indeed the promise by Judge Burnett, that if not prevented by this court pursuant to this proceeding, Whittaker will be held in contempt under pain of such penalty as will probably insure compliance.

The alleged trust property ordered delivered up consists primarily of a bank's Certificate of Deposit, plus other funds in a savings account, from which Whittaker claims to be providing support for his mother. The trust is admittedly oral, but one nevertheless claimed to be effective and sufficient, consisting of property received by Whittaker from his mother. Of interest is that Whittaker is claiming that if there be anything remaining of the trust property at his mother's death those entitled thereto, by the terms of the trust, will be his brother and himself.

The appeal from the Order of the Probate Court now pends for hearing.

Also, there pends for trial in a District Court of Tarrant County suit or suits pursuant to which there might be determination of whether the trust actually exists, as claimed by Whittaker, and, if so, its terms and provisions.

By his Petition for Writ of Prohibition the presentation of Whittaker is that necessity exists that it be granted in order that the corpus of the alleged trust estate not be dissipated and lost; that if this not be done his appeal will become moot in that it involves the right to possession of the property—for use in the maintenance of his mother—and that when completely dissipated no occasion for preservation of the appeal will exist, with the consequence that it will then be proper to dismiss the appeal as moot.

It is obvious that Petitioner Whittaker is of the belief that any right to relief would be totally destroyed if his appeal should become moot. Such is not the state of our law. But of this there is no present occasion for a discussion.

The authority of this Court to issue a Writ of Prohibition is limited, existing only in cases in which jurisdiction becomes vested upon an appeal, and then only to the extent necessary to enforce and/or to pre-

serve that jurisdiction, and to protect any judgment which might be rendered. 46 Tex.Jur.2d, p. 456, "Prohibition", Sec. 10, "(Jurisdiction to issue writ)—Courts of civil appeals".

An example of an analogous situation is where there has been an appeal from an order of a trial court in refusal to enjoin a sale by trustee, and where the sale would operate to extinguish the subject matter of the appeal, and, as by-product make the appeal moot. In such a case we had occasion to write in *Padgett v. Mutual Building & Loan Association*, 504 S.W.2d 535 (Tex. Civ.App., Fort Worth, 1971, no writ hist.). It was to preserve the jurisdiction of the Court of Civil Appeals that it was ordered that there be no Trustee's Sale of subject property pending disposition of the appeal from the order of a trial court refusing to enjoin the sale. Not to have done so would have permitted destruction of the subject matter of the appeal.

Here one distinction is that no single imminent threatened act exists which might make the subject matter of the appeal moot. Though the property may be dissipated by the Union Bank in the discharge of its duties as guardian it would not be through a single act, but through and as a result of a series, the final act being one which might or might not so destroy the subject matter of the appeal that no occasion would remain for action thereon by this Court. At least nothing to the contrary is shown.

In the meantime, and before any final action is taken on the merits of Whittaker's appeal, there might be final determination in the District Court of the existence of the alleged trust. There are other conceivable occurrences which would result in the preservation of the property to which Whittaker claims entitlement as trustee, or at least a portion of it. Perhaps by that time we will have passed on the merits of the appeal.

When the sole question presented by an appeal is the right of appellant to possession of property, the appeal must be dismissed as presenting a moot question where the right of possession has been lost or will have been lost before the appeal can be decided. 5 C.J.S. Appeal and Error § 1362, p. 448, "Review Unnecessary or Ineffectual", citing *Riley v. Commissioners' Court of Hutchinson County*, 12 S.W.2d 1072 (Tex. Civ.App., Amarillo, 1929, no writ hist.).

It necessarily follows that where the right of possession has not been lost, or will not *necessarily* have been lost before the appeal can be decided, the case will not be dismissed as presenting a moot question: a question presented on appeal will not become moot so long as any part of the property to which the controversy concerning the possessory right pertains continues to exist.

In this, as in the ordinary case, the burden is upon the party who petitions for relief. In the instant situation it is Whittaker who must demonstrate the occasion for issuance of a writ of prohibition, i. e., that his appeal from the Order of September 13, 1976, will become moot unless the writ be granted. Whittaker has not discharged the burden.

It is not necessary that there be investigation of any additional reasons why it would be improper to grant the relief Whittaker desires.

Petition for Writ of Prohibition is denied.