Shirley ROCKETT et vir., Appellants,

v.

Ernest OWEN, Appellee.

No. 18126.

Court of Civil Appeals of Texas,
Fort Worth.

April 12, 1979.

Dennis G. Brewer, McGuire, Levy, Collins & McCurley, and John E. Collins, Irving, for appellants.

Marks & Black, and Keith Marks, Dallas, for appellee.

## OPINION

MASSEY, Chief Justice.

This is a venue case where the appeal was by plaintiffs Shirley Rockett, et vir., from order sustaining the plea of privilege filed by defendant Ernest Owen. On the venue hearing the only parties adversary were plaintiffs and Mr. Owen; the resident defendants sued along with Owen awaited the outcome for purposes of trial of the merits of plaintiffs' suit. These resident defendants were M. I. Watkins, Don Kidd, and Claude Arnold.

We affirm the order of transfer.

Without discussion we will state that the affirmance is not related to the presence of Watkins and/or Kidd as defendants, and they will no longer be noticed. Issues considered incident to the affirmance were related to resident defendant Arnold, in that the plaintiffs relied upon Tex.Rev.Civ.Stat. Ann. art. 1995 (1964) "Venue", sub. 4, "Defendants in different counties." In a subdivision 4 case the issuable venue facts are stated in 1 McDONALD, TEXAS CIVIL PRACTICE, "Venue", § 4.10.2, "(Art. 1995(4). One Defendant Resident in County of Suit. . . .)—Venue Facts." (1965).

■ One of these venue facts which the party desiring to retain venue in the county of suit must establish by a preponderance of the evidence on hearing is the liability of the resident defendant who has been sued along with the non-resident who has filed the plea of privilege and who is in the position of plaintiff's adversary on the hearing.

In this case the suit is for personal injury damages resulting from negligence. (Noted is that to be disregarded are any affirmative defenses the resident defendant might have at a trial on the merits. Noted also that, the resident defendant, not being the adversary at the plea of privilege hearing, there would not be availability of claim of benefit of issues tried without objection as by Tex.R.Civ.P. 67, "Amendments to Conform to Issues Tried Without Objection". In a subd. 4 case the plaintiff, in discharging the obligation to prove the liability of the resident defendant, must prove the case alleged by his pleading as against such resident defendant; the independent or vicarious liability of the non-resident defendant is unimportant to decision by provisions of the subdivision.)

We are bound to affirm the judgment of the trial court on any theory by which that court might have correctly rendered judgment. In this case, there being no findings of fact and conclusions of law, we view the allegations of plaintiff as against the resident defendant, and in light thereof test the evidence.

Assuming that the trial court failed and refused to find that the resident defendant Arnold had been proved liable (by the evidence proper to be considered by the pleadings of a cause of action against him), the only proper points of error would be that plaintiffs had proved their case as a matter of law whereby retention of venue would be mandatory, or, that the failure and refusal of the trial court to find for the plaintiffs (as against the resident defendant Arnold) amounted to a finding so contrary to the greater weight and preponderance of the evidence as to be clearly wrong. The second of these is to be found as the only proper contention, among others obviously improper, by one of the points of error.

It was after the brief of plaintiffs had been filed in this court that defendant/appellee Owen made what we will term the "admission" which, in our opinion, should not have been made. It had not been made before the trial court at the venue hearing. (If it had, such defendant would have been bound so that there would not have been necessity for plaintiffs to introduce evidence on the facts and circumstances of the motorcycle colliding with Mrs. Rockett and causing her injuries.) The "admission" was that plaintiffs had discharged their burden of proof and had established by their evidence, conclusively, the liability alleged against the resident defendant Arnold.

Under subd. 4, Owen proceeded to rely for affirmance of the order of transfer upon the sole ground that plaintiffs' allegations in their petition in their suit in chief, as same existed at time of the venue hearing, were insufficient. Essentially Owen's contention was that plaintiffs had not plead a cause of action against him which would be a joint cause of action with that plead against the resident defendant Arnold, nor a cause of action growing out of the same transaction as that with Arnold which was so intimately connected therewith that they should be joined to prevent a multiplicity of suits.

■ Our holding and conclusion is that Owen errs in reliance on insufficiency of

the pleadings. The evidence on trial might seem to establish the contrary, but in a test by subd. 4 the court does not consider evidence in relation to the allegations of pleadings. (Of course the rule is different where the defendant seeking to have the case removed has plead "want of good faith in the allegations of pleadings for the purpose of conferring venue". Here the defendant Owen has made no such charge.)

■ Necessarily do we revert to the "admission" that defendant Owen has made for the first time in the appellate court. This admission, if honored, would cause us to treat the plaintiffs' burden of proof in this subd. 4 case as having been discharged; indeed to go even further than would be necessary to find that the court's findings were so contrary to the greater weight and preponderance of the evidence that the court's finding and conclusion were clearly wrong. Plaintiffs' point of error complains of the findings as contrary to the greater weight and preponderance of the evidence, a point which, if sustained would require that we remand the case. In other words, if honored, the "admission" would require that we reverse the trial court when it has not committed any error and render judgment retaining venue in the county of suit, even though the plaintiffs' only cogent point of error be one which would require a remand should it be sustained.

We decline to honor the "admission". We deem it contrary to public policy to permit the trial courts of this state to have their judgments reversed when the judgments are not erroneous by agreement of the litigants in a case such as this. It necessarily follows that if parties acting in concert could not accomplish exactly that by their agreement, neither could they accomplish the same result by independent action. 4 Tex.Jur.2d Rev. Part 2, "Appeal & Error-

Civil Cases", § 797 at 316 (1974), "Agreement or admission of counsel in appellate court."; *Riley v. Commissioners' Court*, 12 S.W.2d 1072 (Tex.Civ.App.—Amarillo 1929, no writ).

■ By our opinion, hereinabove, we hold the trial court not to have erred in transferring venue of the case as applied to defendant Owen upon a holding that exception to the general venue rule did not exist by subd. 4.

Furthermore, we hold there not to have been error by Tex.Rev.Civ.Stat.Ann. art. 1995 (1964) subd. 9a, "Negligence". The burden of proof upon a plaintiff under that venue exception is to prove by a preponderance of evidence that negligence, amounting to a proximate cause of the event from which flowed a plaintiff's injuries and damages, occurred by act or omission chargeable against the non-resident defendant himself. We hold plaintiffs' proof not to have even raised issues of fact under the exception. Certainly the trial court did not err in declining to make findings which would support retention of the suit in the county in which it was filed under the 9a exception.

On presentation plaintiffs/appellants waived points of error unrelated to those discussed. Not necessary to be discussed, in our opinion, are the facts and circumstances of the events whereby plaintiffs' damages were sustained as result of a motorcycle accident.

Judgment is affirmed.