ACCEPTED
15-25-00109-CV
FIFTEENTH COURT OF APPEALS
AUSTIN, TEXAS
6/23/2025 5:16 PM
CHRISTOPHER A. PRINE
CLERK

**No. _____**

FILED IN
15th COURT OF APPEALS
AUSTIN, TEXAS
6/23/2025 5:16:23 PM
CHRISTOPHER A. PRINE
Clerk

# IN THE FIFTEENTH COURT OF APPEALS
## AUSTIN, TEXAS

IN RE STORABLE, INC.; REDNOVA LABS, INC. (D/B/A STOREDGE);
SITELINK SOFTWARE, LLC; EASY STORAGE SOLUTIONS, LLC; BADER CO.;
AND PROPERTY FIRST GROUP, LP

*Relators.*

Relating to Trial Court Cause No. 25-BC03A-0001
In the Third Division of the Texas Business Court

## RELATORS' EMERGENCY MOTION FOR STAY

GREENBERG TRAURIG, LLP

Dale Wainwright
State Bar No. 00000049
dale.wainwright@gtlaw.com
Justin Bernstein
State Bar No. 24105462
justin.bernstein@gtlaw.com
300 West 6th Street
Suite 2050
Austin, Texas 78701
T: (512) 320-7200
F: (512) 320-7210

COUNSEL FOR RELATORS

# TABLE OF CONTENTS

*Page*

TABLE OF CONTENTS ................................................................................... ii

INDEX OF AUTHORITIES ............................................................................ iii

DEFINITIONS ..................................................................................................1

INTRODUCTION ..............................................................................................2

ARGUMENT .....................................................................................................2

I.     A Stay Is Required To Preserve The Trade Secret And This Court's Jurisdiction Over The Mandamus Proceeding. ...........................2

II.     SafeLease Will Not Be Prejudiced By A Stay. ...........................................3

III.     For A Stay To Be Effective, It Must Be Granted Before The Production Deadline Expires. ..................................................................4

PRAYER ............................................................................................................5

CERTIFICATE OF CONFERENCE .................................................................6

CERTIFICATE OF COMPLIANCE ................................................................6

CERTIFICATE OF SERVICE ..........................................................................7

ACTIVE 711917279v4

# INDEX OF AUTHORITIES

**Page(s)**

**Cases**

*In re PrairieSmarts LLC,*
    421 S.W.3d 296 (Tex. App.—Fort Worth 2014, no pet.)......................................3

*Riverdrive Mall, Inc. v. Larwin Mortg. Inv'rs,*
    515 S.W.2d 2 (Tex. App.—San Antonio 1974, writ ref'd n.r.e.).........................2

*In re Rockafellow,*
    No. 07-11-00066-CV, 2011 WL 2848638 (Tex. App.—Amarillo
    July 19, 2011, no pet.)...............................................................................2, 3

**Rules**

Tex. R. App. P. 52.10(a) ................................................................................2

ACTIVE 711917279v4

# DEFINITIONS

| | |
|---|---|
| Client List | Documents containing trade secrets sufficient to show the name, city, state, and zip code of all self-storage facilities using Storable's FMS platforms as of December 30, 2024 |
| FMS | Facility management software, which is used by operators of self-storage facilities to manage those facilities |
| Production Order | The trial court's May 28, 2025 order to produce the Client List |
| SafeLease | Real Party in Interest SafeLease Insurance Services, LLC |
| Storable | Relators Storable, Inc.; RedNova Labs, Inc. (d/b/a storEDGE); Sitelink Software, LLC; Easy Storage Solutions, LLC; Bader Co.; and Property First Group, LP |

ACTIVE 711917279v4

## INTRODUCTION

Contemporaneously, Storable filed a petition for writ of mandamus challenging the trial court's orders requiring Storable to produce the Client List to its competitor SafeLease by **June 24, 2025**. 16MR; 25MR967. The Client List is a prized trade secret identifying all self-storage facilities throughout the world who use Storable's FMS products. 16MR290.

The petition explains that SafeLease has not proven it needs the Client List to pursue a claim or defense in this case. On the other hand, SafeLease has admitted to targeting Storable's clients. Requiring Storable to produce this trade secret to its competitor is an abuse of discretion that cannot be adequately cured by appeal. If its competitor has the trade secret, Storable cannot recover it.

## ARGUMENT

### I. A Stay Is Required To Preserve The Trade Secret And This Court's Jurisdiction Over The Mandamus Proceeding.

"The relator may file a motion to stay any underlying proceedings … pending the court's action on the petition." TEX. R. APP. P. 52.10(a). "It is well settled that an appellate court will protect its jurisdiction by preserving the subject matter of the litigation in order to make its decrees effective." *Riverdrive Mall, Inc. v. Larwin Mortg. Inv'rs*, 515 S.W.2d 2, 4 (Tex. App.—San Antonio 1974, writ ref'd n.r.e.). For example, in *In re Rockafellow*, No.

07-11-00066-CV, 2011 WL 2848638 (Tex. App.—Amarillo July 19, 2011, no pet.), the relator challenged an order requiring it to disclose trade secrets. The court of appeals granted a stay of that discovery until it had time to reach its decision on the merits, and it granted the petition. *Id*. at 4–5 and n.2; *see also In re PrairieSmarts LLC*, 421 S.W.3d 296, 310 (Tex. App.—Fort Worth 2014, no pet.) (same).

If this Court does not stay the impending June 24 deadline to produce the Client List to SafeLease, this carefully guarded trade secret will be in the hands of a competitor, at which point this Court will lose the ability to grant effective relief on the merits.

## II.   SafeLease Will Not Be Prejudiced By A Stay.

Trial will at earliest begin more than a year from now, on June 30, 2026. 1MR8. SafeLease has not provided a legitimate reason why alternatives to producing the Client List would not serve its articulated purpose of calculating market share, let alone provided a reason why production must occur immediately. Alternatives to production, which Storable can provide during a stay, include producing aggregate data sufficient to calculate market share or permitting SafeLease's expert to examine the Client List while it stays in Storable's possession. 15MR285 (Storable describing its offer to provide these alternatives).

Therefore, a stay of production of this one list pending adjudication of the mandamus petition will not materially hinder SafeLease's claims. On the other hand, lack of a stay will severely harm Storable by nullifying its right to appeal and irrevocably divulging Storable's commercially sensitive trade secrets to a competitor. 2MR48 (stating Storable offers "insurance plans that compete directly with products and services of SafeLease").

## III. For A Stay To Be Effective, It Must Be Granted Before The Production Deadline Expires.

The trial court ordered Storable to produce the Client List by June 24, 2025. 16MR290, 292; 32MR. Storable's trade secret privilege will be invaded as soon as Storable produces the Client List. On June 17, Storable requested that the trial court stay the production deadline until after the trial court resolves Storable's motion for partial summary judgment on the only claim SafeLease alleges is relevant to the Client List, or alternatively until the trial court determines that the Client List is necessary to fairly adjudicate the motion for partial summary judgment. 27MR289–291. However, the trial court subsequently denied the motion to reconsider the Production Order, and set the motion to extend the stay of the production deadline for submission on June 30, which is *after* the June 24 deadline for Storable to produce the Client List. 29MR1043; 29MR1043.

Therefore, this Court should grant a stay of the production deadline before the end of June 24, 2025.

## PRAYER

For these reasons, Relators pray that by June 24, 2025 the Court stay the deadline to produce the Client List until two weeks[1] after this Court finally adjudicates Storable's petition for writ of mandamus. Relators also pray for such further relief, in law or in equity, to which they may be entitled.

Respectfully submitted,

**GREENBERG TRAURIG, LLP**

By: */s/ Dale Wainwright*
Dale Wainwright
State Bar No. 00000049
dale.wainwright@gtlaw.com
Justin Bernstein
State Bar No. 24105462
justin.bernstein@gtlaw.com
300 West 6th Street,
Suite 2050
Austin, Texas 78701
T: (512) 320-7200
F: (512) 320-7210

COUNSEL FOR RELATORS

---

[1] These two weeks would allow time for Storable to prepare the Client List and to potentially petition the Texas Supreme Court for relief.

## CERTIFICATE OF CONFERENCE

I certify that I conferred with counsel for SafeLease, who responded that SafeLease opposes the relief requested in this motion.

/s/ Justin Bernstein
Justin Bernstein

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 52.10(a), I hereby certify that Relators notified all parties that a motion for temporary relief has been or will be filed.

/s/ Justin Bernstein
Justin Bernstein

## CERTIFICATE OF SERVICE

I certify that a copy of the foregoing document was served on counsel of record by using the Court's electronic filing system on the 23rd day of June 2025, addressed as follows:

STONE HILTON PLLC

Judd E. Stone II
State Bar No. 2407670
judd@stonehilton.com
Christopher D. Hilton
State Bar No. 24087727
600 Congress Ave.,
Austin, Texas 78701
T: (737) 465-7248

YETTER COLEMAN LLP

R. Paul Yetter
State Bar No. 22154200
pyetter@yettercoleman.com
Susanna R. Allen
State Bar No. 24126616
sallen@yettercoleman.com
Luke A. Schamel
State Bar No. 24106403
lschamel@yettercoleman.com
Shannon N. Smith
State Bar No. 24110378
ssmith@yettercoleman.com
811 Main Street, Suite 4100
Houston, Texas 77002
T: (713) 632-8000

COUNSEL FOR REAL PARTY

I also certify that a copy of the foregoing document will be served by email on Respondent on the 23rd day of June 2025, addressed as follows:

Honorable Melissa Andrews
Third Division of the Texas Business Court
Herman Marion Sweatt Courthouse
Courtroom 421
1000 Guadalupe St.
Austin, Texas 78701
BCDivision3A@txcourts.gov

/s/ Justin Bernstein
Justin Bernstein