**Marie DAWSON, Relator,**

v.

**FIRST NATIONAL BANK OF TROUP et al., Respondents.**

**No. 333.**

Court of Civil Appeals of Texas.

Tyler.

July 28, 1967.

Weldon Holcomb, Rex Kirby, Tyler, for relator.

No counsel for respondents.

PER CURIAM.

This is an original proceeding brought in this court by relator, Marie Dawson, to enjoin and restrain respondent, Ben E. Jarvis, Trustee, from selling certain properties under the power of a certain deed of trust, pending the disposition by this court of the merits of the appeal now pending in this court in Cause No. 332. The appeal in that case is by relator from the action of the 4th Judicial District Court of Rusk County in refusing to grant a temporary injunction restraining the respondents, Ben E. Jarvis and the First National Bank of Troup, from disposing of the properties of relator as described in the deed of trust.

It is shown by relator's petition for original injunction filed in this court that on June 26, 1967, the respondent, Ben E. Jarvis as Trustee, posted notice of sale of the property that is the subject of the litigation for sale on August 1, 1967. We are asked to enjoin said respondent, Ben E. Jarvis, from selling this property pending the disposition of the appeal by the appellate courts on its merits in order to preserve the status quo of the parties and to protect the jurisdiction of this court to pass upon the merits.

No principle is better settled than that a court will protect its jurisdiction by preserving the subject matter of the litigation in order to make its decrees effective. City of Dallas v. Wright, 120 Tex. 190, 36 S.W.2d 973, 77 A.L.R. 709; Lee v. Lee, 355 S.W.2d 255 (Tex.Civ.App., Houston, 1962, n. w. h.). In the case of Madison v. Martinez, 42 S.W.2d 84 (Tex.Civ.App., Dallas, 1931, writ ref.), the court said:

"* * * if the effect of the refusal of the trial court to continue in force the restraining order is to destroy the subject-matter of the appeal, and thereby prevent the effective operation of any judgment this court might render, the jurisdiction of this court would be unlawfully invaded, through the means of the destruction of the subject-matter of the appeal, and the power to issue a proper writ to prevent such condition rests in this court. * * * If this court should hold, on the merits of this

**654**

appeal, that the district court erred in refusing to grant the temporary writ of injunction, and should reverse the case with instruction to the judge of the district court to grant the temporary writ, there would be nothing in such an event on which such judgment could operate, and the judgment of this court would be a nullity. * * *" See City of Athens v. Gulf States Telephone Company, 374 S.W.2d 757 (Tex.Civ.App., Tyler, 1964, n. w. h.).

The petition for injunction as prayed for will be granted. In order to protect our jurisdiction and preserve the subject matter of the litigation pending appeal from the order of the trial court denying the temporary injunction, respondent, Ben E. Jarvis, is enjoined from proceeding with the sale of the property being the subject of the litigation and posted for sale for August 1, 1967, until final disposition of the case on appeal. This writ is issued in accordance with Art. 1823, Vernon's Ann. Tex.Civ.St. which empowers this court to enforce and protect its jurisdiction pending final disposition of the case on appeal.

No bond is required of relator as a condition to the issuance of this injunction as it is issued under authority of Art. 1823, V.T.C.S., for the purpose of protecting our jurisdiction, the statute requiring no bond. See Bowlen v. Bowlen, 1 S.W.2d 355 (Tex. Civ.App., Fort Worth, 1927, n. w. h.) and Ex parte Lee, 127 Tex. 256, 93 S.W.2d 720; Nelson v. Blanco Independent School District, 386 S.W.2d 636 (Tex.Civ.App., Austin, 1965, n. w. h.).

Nothing done hereby or said herein should be taken or construed as an expression of opinion by us upon the merits of this appeal.

Injunction granted.

SELLERS, J., not participating.