**RIVERDRIVE MALL, INC., Relator,**

v.

**LARWIN MORTGAGE INVESTORS et al., Respondents.**

**No. 15356.**

Court of Civil Appeals of Texas, San Antonio.

Sept. 11, 1974.

1. Actions for debt where the indebtedness is evidenced by or founded upon any contract in writing. . . . ."

See also, Tex.Civ.App., 515 S.W.2d 5.

Hall & Zaffirini, Laredo, for relator.

John L. Estes, Stephen Philbin, Locke, Purnell, Boren, Laney & Neely, Dallas, Robert O'Conor, Jr., Laredo, for respondents.

PER CURIAM.

This is an original proceeding filed in this Court on July 30, 1974, by relator, Riverdrive Mall, Inc., pursuant to Rule 383, Texas Rules of Civil Procedure and Article 1823, Vernon's Tex.Rev.Civ.Stat. Ann., to enjoin and restrain respondents, Larwin Mortgage Investors and Thomas C. Johnston, Substitute Trustee, from selling certain properties under the power of a deed of trust pending the disposition by this court of the merits of the appeal from the denial of a temporary injunction by the 111th Judicial District Court of Webb County, Texas.

A temporary injunction was granted after an ex parte hearing whereby respondents were enjoined from proceeding with the sale of the property provided that relator filed a good and sufficient bond in the amount of $20,000.00, conditioned that relator should pay all damages to respondents in the event said sale shall be wrongfully enjoined. Said bond was filed on August 2, 1974. On August 27, 1974, respondents' motion to vacate said injunction was submitted to the court upon the written briefs and oral argument of counsel. Oral announcement of our judgment was made on August 27, 1974, and this opinion is filed in support of same.

It is well settled that an appellate court will protect its jurisdiction by preserving the subject matter of the litigation in order to make its decrees effective. See Dawson v. First National Bank of Troup, 417 S.W.2d 652 (Tex.Civ.App.—Tyler 1967, no writ), and the authorities cited therein.

It is seen that relator has now perfected its appeal[1] from the order of the district court denying relator's application for a temporary injunction to enjoin respondents from selling the property in question under a deed of trust executed by relator to secure a loan from respondents. Furthermore, notice of the sale was posted, and it is apparent that unless enjoined such sale will be made, thereby rendering relator's appeal moot. We, thus, have power under Article 1823 to grant a temporary injunction to protect our jurisdiction and preserve the subject matter of the litigation pending appeal from the order of the trial court denying the temporary injunction.

Relator urges that no bond should be required of it as a condition to the issuance of this injunction. See Powell v. Farm & Home Savings Association, 509 S. W.2d 734 (Tex.Civ.App.—Fort Worth 1974, no writ); Dawson v. First National Bank of Troup, supra. Assuming, without deciding,[2] that we have the power under this statute to grant the injunction without requiring a bond, we conclude that the equities of this case require the posting of a bond.

We have effectively prevented respondents from exercising the right granted under the deed of trust to foreclose upon the described property after the note became delinquent. Thus, if it should be found that the trial court did not abuse its discretion in denying the temporary injunction, respondents will have been wrongfully deprived of such valuable right for a period of at least two months. We cannot conceive of any equitable reason why respondents are not entitled to be protected for such potential loss. To hold that we have no power to require a bond in such circumstances would lead to the absurd situation of the relator actually trying to persuade the trial court to deny its request for a temporary injunction and thus secure the relief in the appellate court without the penalty of a bond. See Powell v. Farm & Home Savings Association, supra. we cannot be so limited in an equitable proceeding.

We, therefore, grant an injunction enjoining and restraining respondents from conducting the foreclosure sale prior to disposition of the appeal in our Cause No. 15359, provided that relator file with our Clerk on or before 10:00 a. m. on September 3, 1974, a good and sufficient bond in the amount of $40,000.00, conditioned that relator shall pay all damages to respondents in the event the temporary injunction was properly denied by the trial court; said bond to be approved by the District Clerk of Webb County, Texas, prior to being tendered to our Clerk. Respondents may post notice for the sale of such property but cannot hold such sale until further orders of this Court.

It is therefore ordered that said injunction issue as soon as the bond is filed by relator upon the terms set forth herein.

Nothing done hereby or said herein should be taken or construed as an expression of opinion by us upon the merits of the appeal.

---

1. This appeal has been perfected under our No. 15359, and set for submission and oral argument on September 12, 1974.

2. Cf. Goodwin v. Goodwin, 456 S.W.2d 885 (Tex.1970); Rogers Ranch Co., Inc. v. Darwin, 89 S.W.2d 828 (Tex.Civ.App.—San Antonio 1936, no writ).