James K. NANCE, Jr., Appellant,

v.

Guy J. ROBERTSON et al., Appellees.

No. B2181.

Court of Civil Appeals of Texas,
Houston (14th Dist.).

July 18, 1979.

Rehearing Denied Sept. 5, 1979.

Brantly Harris, Stephen J. Weeks, Prappas, Moncure, Harris & Termini, Houston, for appellant.

Joel W. Cook, Schlanger, Cook, Cohn, Mills & Grossberg, Houston, for appellees.

Before J. CURTISS BROWN, C. J., and COULSON and MILLER, JJ.

OPINION ON APPELLEE'S MOTION TO DISSOLVE THE WRIT OF INJUNCTION OR, IN THE ALTERNATIVE, TO INCREASE THE SUPERSEDEAS BOND.

PER CURIAM.

This appeal involves, inter alia, questions of whether appellees Robertson, G & R Investment, a partnership, Wilcrest/Westheimer, a partnership, Richard P. Schissler, Jr. and M. A. Mills can properly foreclose on appellant Nance's one-third interest in Wilcrest/Westheimer, a partnership, under a security agreement. For a discussion of the facts leading to this litigation see our opinion of this date in *G & R Investments, et al v. Nance,* 588 S.W.2d 804 (Tex.Civ.App.). On May 4, 1979, the trial court entered judgment denying a permanent injunction to appellant Nance and granting certain other relief to appellees. The appeal from that judgment has not yet been set for submission in this court.

■ On May 14, 1979, this court, after a hearing, issued a writ of injunction restraining Robertson, Mills, and G & R Investment (Robertson, et al) from taking any action to sell Nance's one-third interest in Wilcrest/Westheimer pending final disposition of the case on the merits on appeal or until further orders of this court. This order was entered pursuant to Tex.Rev.Civ. Stat.Ann. art. 1823 (1964), in order to protect our jurisdiction by preserving the subject matter of the litigation in order to make any future decrees out of this court effective. *Riverdrive Mall Inc. v. Larwin Mortgage Investors,* 515 S.W.2d 2 (Tex.Civ. App.—San Antonio, 1974 writ ref'd n. r. e.). Robertson, et al, have filed a motion to dissolve our writ of injunction or, in the alternative, to increase the supersedeas bond filed by Nance. We are of the opinion that the writ of injunction was properly ordered, for it is apparent that Robertson, et al, intend to proceed with the sale of Nance's one-third interest in the partnership. If such sale were consummated Nance's point of error contending that the trial court erred in refusing to grant a permanent injunction prohibiting foreclosure upon and sale of Nance's interest in Wilcrest/Westheimer would be rendered moot.

■ The trial court ordered Nance to post a supersedeas bond in the amount of $33,442.00. That court awarded a money judgment to Robertson, et al, in the amount of $32,902.00, which is more than secured by the amount of the supersedeas bond. In examining the judgment we have found, however, that several additional findings, declaratory in nature, are contained therein. These findings state that Robertson, et al, are entitled to collect from Nance additional sums representing his share of advances made to Wilcrest/Westheimer by Robertson, et al. While the amount of these sums is disputed, we believe that an additional amount should be added to the supersedeas bond in order to afford Robertson, et al, some protection in regard to these additional findings. We therefore order that Nance increase the amount of the supersedeas bond to a total amount of $50,000.00 within thirty days from the date of this order to keep our writ of injunction in effect. If the supersedeas is not increased within thirty days our injunction order shall be dissolved.

Our order enjoining the sale of Nance's interest in Wilcrest/Westheimer shall remain in effect pending a final disposition of this case on appeal or further orders of this court, provided however that if Nance does not increase the amount of the supersedeas bond to a total of $50,000.00 within thirty days then the injunction shall be dissolved.