**Ray CARPENTER and Loretta Carpenter, Relators,**

v.

**James F. HAUSMAN, Shirley Jean Hausman and Dennis J. Kelleher, Trustee, Respondents.**

No. 16538.

Court of Civil Appeals of Texas, San Antonio.

May 7, 1980.

Stephen C. Parten, San Antonio, for relators.

Dennis J. Kelleher, Stephen C. Caspers, San Antonio, for respondents.

OPINION

KLINGEMAN, Justice.

This is an original proceeding filed in this court on the 17th day of April, 1980, by

Relators Roy Carpenter and Loretta Carpenter pursuant to Rule 383, Texas Rules of Civil Procedure, and Article 1823, Texas Revised Civil Statutes Annotated, to enjoin and restrain Respondents James F. Hausman, Shirley Jean Hausman, and Dennis J. Kelleher, Trustee, from selling certain properties under the power of a deed of trust pending the disposition by this court of the merits of the appeal from the denial of a temporary injunction by the 216th District Court of Kendall County, Texas.

The trial court denied Relator's application for temporary injunction by an order that was signed and rendered on March 27, 1980. Relators have appealed from this order.

Relators seek injunctive relief in this court on the ground that the same is necessary in order for this court to protect its jurisdiction of their appeal of the aforesaid order of the trial court. Otherwise, according to their application, our jurisdiction would unlawfully be invaded by the destruction of the subject matter of the appeal before we have decided the issues raised on the appeal.

■ It is well settled that an appellate court will protect its jurisdiction by preserving the subject matter of the litigation in order to make its decrees effective. *Pendleton Green Associates v. Anchor Savings Bank*, 520 S.W.2d 579, 582 (Tex.Civ.App.—Corpus Christi 1975, no writ); *Riverdrive Mall, Inc. v. Larwin Mortgage Investors*, 515 S.W.2d 2, 4 (Tex.Civ.App.—San Antonio 1974, writ ref'd n. r. e.); *Dawson v. First National Bank of Troup*, 417 S.W.2d 652, 653 (Tex.Civ.App.—Tyler 1967, no writ).

■ We have the power to grant such writs including writ of injunction, as may be necessary to enforce or protect our jurisdiction over a pending appeal and to preserve the subject matter of the appeal. *City of Dallas v. Wright*, 120 Tex. 190, 36 S.W.2d 973 (1931); *Pendleton Green Associates v. Anchor Savings Bank, supra.*

■ We have been informed that notices of trustee's sale have been posted for sale on Tuesday, May 6, 1980, which sale if consummated would effectively render the appeal of Relators moot.

Respondents urge that, if we should grant an injunction, a bond in the amount of at least $68,500 should be required as a condition to the issuance of this injunction. Relators have no objection to the giving of a bond, but assert that such amount is entirely too high and that a bond in the amount of $10,000 would be reasonable. The applicable statute, Tex.Rev.Civ.Stat. Ann. art. 1823 (Vernon 1964), itself does not require a bond when the injunction is issued by a court of civil appeals to enforce or protect its jurisdiction and to preserve the subject matter of the litigation pending appeal. However, there is nothing in the statute or case law that prohibits the requirement of such bond.

In *Riverdrive Mall, Inc. v. Larwin Mortgage Investors, supra*, this court in requiring the filing of such a bond by relator, stated:

We have effectively prevented respondents from exercising the right granted under the deed of trust to foreclose upon the described property after the note became delinquent. Thus, if it should be found that the trial court did not abuse its discretion in denying the temporary injunction, respondents will have been wrongfully deprived of such valuable right for a period of at least two months. We cannot conceive of any equitable reason why respondents are not entitled to be protected for such potential loss. To hold that we have no power to require a bond in such circumstances would lead to the absurd situation of the relator actually trying to persuade the trial court to deny its request for a temporary injunction and thus secure the relief in the appellate court without the penalty of a bond.

515 S.W.2d at 4.

■ Respondents urge that such bond should be in an amount at least equal to one-half of the value of the note secured by the deed of trust, which would be a bond of at least $68,500. We see no merit in this contention. It appears from the record that

Relators have requested and have been granted an extension of time to file the statement of facts because of inability of the court reporter to prepare the record prior to such time. Due to the possible length of time of final disposition of this appeal in this court and the prevailing high rate of interest, we have concluded that a bond in the amount of $20,000 is reasonable.

We therefore grant a temporary injunction enjoining and restraining Respondents from conducting the foreclosure sale prior to final disposition of the appeal on the merits in Cause No. A–4148 in this Court, and provided that Relators file with our Clerk on or before 5 p. m., on Friday, May 2, 1980, a good and sufficient bond, with adequate sureties thereon, in the amount of $20,000, conditioned that Relators shall pay all damages to Respondents in the event the temporary injunction was properly denied by the trial court; said bond to be approved by the District Clerk of Kendall County, Texas, prior to being tendered to our Clerk.[1]

Failure to timely tender the approved bond will result in the automatic dissolution of the temporary injunction issued by this Court.

Nothing done hereby or said herein should be taken and construed as an expression of opinion by us upon the merits of the appeal.

---

1. *Oral announcement of our judgment granting the temporary injunction was made on April* 29, 1980, after a hearing, and this opinion is filed in support of same.