Samuel E. BARICH, Petitioner,

v.

SAN FELIPE DEL RIO CONSOLIDATED INDEPENDENT SCHOOL DISTRICT, et al., Respondents.

No. 04–83–00175–CV.

Court of Appeals of Texas, San Antonio.

April 29, 1983.

Leonard J. Schwartz, Austin, for petitioner.

Hagwood Gulley, Del Rio, for respondents.

Before CADENA, C.J., and REEVES and TIJERINA, JJ.

## OPINION

REEVES, Justice.

The petitioner, Samuel Barich, seeks a temporary injunction preventing respondent, the San Felipe Del Rio Independent School District, its Board of Trustees, and its officers and agents, from proceeding with an action to terminate petitioner's employment with the respondent pending an appeal filed with this Court. Petitioner had obtained a temporary restraining order against the respondents in the District Court of Val Verde County on March 31, 1983. The District Court subsequently refused to grant petitioner's request for a temporary injunction and dissolved the temporary restraining order after a hearing on April 8, 1983. Petitioner filed an appeal bond on April 14, 1983.

The facts in this case revolve around the respondents' attempts to terminate petitioner's employment with the school district. Petitioner is employed by the school district as a teacher. On March 22, 1983, he received a letter stating the following:

The School Board of Trustees of the San Felipe Del Rio Consolidated Independent School District during its regular meeting, Monday, March 21, 1983, voted to consider non-renewal of your term contract for the 1983–84 school year.

Under the "Term Contract Non-Renewal Act" (TCNA), Tex.Educ.Code Ann. § 21.201 et seq. (Vernon Supp.1982–1983), a local School Board of Trustees must give notice on or before April 1st of their intention to terminate a teacher's employment contract for the following school year. Id. at § 21.204(a). This notice must set out a statement of the reasons for the proposed non-renewal. Id. at § 21.204(c). Failure to make such notice on or before April 1st,

acts as a contract renewal for the following school year. Id. at § 21.204(b). Once notice of non-renewal is given, a teacher must make his request for a hearing before the Board of Trustees within ten days or he waives his right to that hearing. Id. at §§ 21.205(a), 21.206(a). The requirements of the TCNA do not apply to probationary teachers employed by school districts. Id. at § 21.209. A teacher "aggrieved by the decision of the Board of Trustees" is entitled to an administrative appeal to the State Commissioner of Education, and then subsequently to the State Board of Education. Id. at § 21.207.

The Commissioner of Education has held in Salzman v. Southwest Independent School District, Docket No. 186–RI–782, that a request for a hearing before the local Board of Trustees waives any subsequent complaint by the school teacher to any defects in the notice of non-renewal. The Commissioner held in effect that the aggrieved teacher had the option of either attending the hearing or contesting defects in notice before the Commissioner. In Burke v. Plano Independent School District, Docket No. 196–R1b–882, the School Board erroneously treated an employee as a probationary teacher and had terminated his contract without making any notice on or before April 1st. The Commissioner held that Burke's appearance before the School Board of Trustees waived any complaint of the absence of notice, and then proceeded to dispose of the merits of his administrative appeal.

In light of Burke and Salzman, the petitioner sought the temporary restraining order and the temporary injunction in District Court, arguing that he was placed in the untenable position of either obtaining his statutory right to a hearing before the Board of Trustees and thus waiving any right to attack the defects in notice, or foregoing his hearing before the Trustees and challenging the procedural adequacy of the notice in his appeal before the Commissioner, in the hope that the Commissioner would agree in his assessment that the notice was defective. The District Court,

however, dissolved the temporary restraining order and denied the petitioner's temporary injunction. The petitioner seeks in the appeal of the District Court order to obtain the right to both participate in a hearing before the Board of Trustees, and to challenge the adequacy of the notice given by the Board in any subsequent appeal to the Commissioner or the State Board of Education. Respondents gave him notice of non-renewal immediately after the District Court entered its order on April 8th, thus allowing him until April 19th to request a hearing before the Board of Trustees. Petitioner argues that under the Commissioner's precedent set in *Burke,* if he seeks his statutory right to a hearing he would waive his right to attack what he considers to be the untimely notice of non-renewal. Alternatively, he could be placed in the jeopardy of the Commissioner rejecting his arguments against the validity of the notice under the theory that the Board did not have to make timely notice on or before April 1st due to the temporary restraining order, or that the April 8th notice was, in effect, an amendment of the timely notice provided on March 22nd. In either eventuality, this Court's jurisdiction over the merits of the subject matter of his appeal would be threatened if we deny his requested relief.

In *Riverdale Mall, Inc. v. Larwin Mortgage Investors,* 515 S.W.2d 2 (Tex.Civ.App.—San Antonio 1974, writ ref'd n.r.e.), we held that this Court had "power under article 1823 to grant a temporary injunction to protect our jurisdiction and preserve the subject matter of the litigation pending appeal from the order of the trial court denying the temporary injunction." *Id.* at 4.

We therefore order that the temporary injunction issue. The respondents are enjoined from taking any further action to non-renew petitioner's contract pending the disposition of the appeal on the merits. The prescribed bond shall remain in force.