In re Health Discovery Corp.
















IN THE
TENTH COURT OF APPEALS
 

No. 10-04-00125-CV

IN RE HEALTH DISCOVERY CORPORATION


 

 Original Proceeding
                                                                                                                      

OPINION GRANTING PETITION FOR 
WRIT OF INJUNCTION
                                                                                                                      

      In this original proceeding, Relator Health Discovery Corporation seeks an injunction to enjoin
Respondents, Bill G. Williams, Shirley K. Williams, W. Steven Walker, and Automated Shrimp
Corporation, from selling any share of the Relator corporation pending resolution of an interlocutory
appeal from the denial of a motion for a temporary injunction by the 74th District Court.


 In the
appeal, Relator contends the trial court should have issued the injunction to preserve the status quo
pending resolution of the dispute in that court. We will grant injunctive relief to preserve our
jurisdiction and preserve the subject matter of the appeal.



      At first blush, this case appears to be procedurally similar to In re Andrea Gayle Smith, which
we dismissed for want of jurisdiction because we had no authority to issue an injunction to preserve
the status quo pending an appeal.


 In re Andrea Gayle Smith, No. 10-03-00390-CV, 2004 WL
254079, slip op. at 3 (Tex. App.—Waco February 11, 2004, orig. proceeding).
      As we noted in Smith, we have limited injunctive powers. Id. slip op. at 2. However, as the
Fort Worth Court observed some years ago:
It has been held in many cases that where an original petition for writ of injunction is brought
pending the appeal of the trial court's denial of a similar injunction, the appellate court should
issue the writ to protect its jurisdiction over the appeal. See, e.g., Reyes, 619 S.W.2d at 27;
Dawson, 417 S.W.2d at 653; Madison, 42 S.W.2d at 86. The subject matter of such an appeal
is whether the trial court properly refused to grant the requested temporary injunction. 
Pendleton Green Associates v. Anchor Savings Bank, 520 S.W.2d 579, 582 (Tex. Civ.
App.—Corpus Christi 1975, no writ) (per curiam). Granting the injunction preserves the subject
matter of the appeal and the effectiveness of the court's decision on the appeal should the relator
prevail. See id.

EMW Mfg. Co. v. Lemons, 724 S.W.2d 425, 426-27 (Tex. App.—Fort Worth 1987, orig.
proceeding). In Reyes, the Fort Worth Court had enjoined the sale of property pending an appeal
from the refusal of the district court to grant a temporary injunction preventing a sale. Reyes v.
Atkins, 619 S.W.2d 26, 27 (Tex. Civ. App.—Fort Worth 1981, orig. proceeding). In Dawson, the
Tyler Court of Civil Appeals issued an injunction to protect its jurisdiction and preserve the subject
matter of the litigation pending appeal from the order of the trial court denying a temporary
injunction. Dawson v. First Nat. Bank of Troup, 417 S.W.2d 652, 657 (Tex. Civ. App.—Tyler
1967, orig. proceeding). The Dallas Court had observed some years earlier in Madison v. Martinez:
[I]f the effect of the refusal of the trial court to continue in force the restraining order is to
destroy the subject-matter of the appeal, and thereby prevent the effective operation of any
judgment this court might render, the jurisdiction of this court would be unlawfully invaded,
through the means of the destruction of the subject-matter of the appeal, and the power to issue a
proper writ to prevent such condition rests in this court. It was made clear that, if the
restraining order did not issue from this court, appellees would execute at once the writ of
restitution, and appellants would thereby be ousted of the possession of their alleged homestead
before this court could determine their appeal from an order permitting appellees to take such
course. If this court should hold, on the merits of this appeal, that the district court erred in
refusing to grant the temporary writ of injunction, and should reverse the case with instruction
to the judge of the district court to grant the temporary writ, there would be nothing in such an
event on which such judgment could operate, and the judgment of this court would be a nullity.

Madison v. Martinez, 42 S.W.2d 84, 86 (Tex. Civ. App.—Dallas 1931, writ ref’d) (referring to now
repealed article 1823 of the Revised Civil Statutes of Texas, a predecessor statute to section
22.221(a) of the Government Code).
      In Pendleton Green Associates v. Anchor Savings Bank, the Corpus Christi Court of Civil
Appeals issued a temporary injunction to protect its jurisdiction over a pending appeal and to
preserve the subject matter of the appeal. Pendleton Green Associates v. Anchor Savings Bank, 520
S.W.2d 579, 582 (Tex. Civ. App.—Corpus Christi 1975, orig. proceeding) (per curiam).
      Justice Gonzalez, joined by Chief Justice Phillips, has catalogued other cases in which courts of
appeals have noted their power to issue writs of injunction to protect their jurisdiction. Dallas
Morning News v. Fifth Court of Appeals, 842 S.W.2d 655, 658 (Tex. 1992) (Gonzalez, J. “Opinion
Accompanying Order Overruling Motion for Leave to File Petition for Writ of Mandamus and
Motion for Temporary Relief”).
      Here, Relator pleads that a sale of its shares by Respondents will destroy its ability to obtain
effective relief in the trial court. The trial court refused to preserve the status quo pending its
determination of the issues. Relator has filed an interlocutory appeal from the denial of its motion
for a temporary injunction. Following the language of Lemons and the cases cited therein, we
believe that Relator is entitled to an injunction to preserve our jurisdiction over and the subject
matter of the pending interlocutory appeal while we decide its merits.



      We grant the petition for injunctive relief and will issue an injunction—using the terms of the
trial court’s temporary restraining order—restraining Respondents from selling shares of Relator
pending a final decision in the direct appeal, Cause No. 10-04-00126-CV. No bond is required of
Relator as a condition to the issuance of this injunction as it is issued under authority of section
22.221(a) for the purpose of protecting our jurisdiction. See Tex. Gov’t Code Ann. § 22.221(a)
(Vernon 2004); Collier v. Central Natl Bank, 564 S.W.2d 828, 829 (Tex. App.—Austin 1978, orig.
proceeding) (citing repealed article 1823 of the Revised Civil Statutes); Dawson, 417 S.W.2d at 654
(also citing repealed article 1823).
      We express no opinion on the merits of the pending interlocutory appeal.
      Respondents’ motion to reconsider our order granting emergency temporary relief is denied. 
Respondents’ motion for sanctions is denied.
      The Clerk shall issue the writ.


                                                                         BILL VANCE
                                                                         Justice

Before Chief Justice Gray,
      Justice Vance, and
      Justice Reyna
      (Chief Justice Gray dissenting)
Petition granted
Order delivered and filed July 7, 2004

[OT06]