ACCEPTED
01-15-00760-CV
FIRST COURT OF APPEALS
HOUSTON, TEXAS
11/5/2015 4:09:03 PM
CHRISTOPHER PRINE
CLERK

# No. 01-15-00760-CV

_____

**In The**
**COURT OF APPEALS**
**FOR THE FIRST DISTRICT OF TEXAS AT HOUSTON**

FILED IN
1st COURT OF APPEALS
HOUSTON, TEXAS
11/5/2015 4:09:03 PM
CHRISTOPHER A. PRINE
Clerk

_____

CAROLYN P. AUSTIN,

*Appellant*,

v.

COFACE SEGURO DE CREDITO MEXICO, S.A. DE C.V.,
as attorney by endorsement for Banco Monex, S.A.,
Institucion De Banco Multiple, and Monex Grupo Financiero,

*Appellee.*

_____

Appeal From the 270th Judicial District Court of Harris County, Texas
Trial Court Case No. 2014-45802

_____

**EMERGENCY MOTION OF APPELLANT CAROLYN P. AUSTIN
TO PROHIBIT SALE OF THE PROPERTY AT ISSUE IN THIS APPEAL
SO AS TO PRESERVE THIS COURT'S JURISDICTION,
WITH REQUEST FOR EXPEDITED CONSIDERATION**

_____

John A. Koepke
Texas State Bar No. 11653200
Scott M. McElhaney
Texas State Bar No. 00784555
**JACKSON WALKER L.L.P.**
2323 Ross Ave., Ste. 600
Dallas, TX 75201
Telephone: (214) 953-6000
Facsimile: (214) 953-5822
E-mail: smcelhaney@jw.com
E-mail: jkoepke@jw.com

Jennifer A. Bryant
Texas State Bar No. 03276600
**JACKSON WALKER L.L.P.**
1401 McKinney St., Ste. 1900
Houston, Texas 77010
Telephone: (713) 752-4200
Facsimile: (713) 752-4221
E-mail: jbryant@jw.com

**ATTORNEYS FOR CAROLYN P. AUSTIN**

## IDENTITY OF PARTIES AND COUNSEL

Pursuant to Texas Rule of Appellate Procedure 38, Appellant Carolyn P. Austin provides the following list of all parties to the trial court's judgment, and the names and addresses of all trial and appellate counsel:

| Plaintiff/Appellant: | Counsel for Plaintiff/Appellant: |
|---|---|
| **CAROLYN P. AUSTIN** | John A. Koepke<br>Scott M. McElhaney<br>**Jackson Walker LLP**<br>2323 Ross Ave., Ste. 600<br>Dallas, Texas 75201<br><br>Jennifer A. Bryant<br>**Jackson Walker LLP**<br>1401 McKinney St., Ste. 1900<br>Houston, Texas 77010<br><br>Scott R. Breitenwischer<br>Jordan F. Kaplan<br>**Royston, Rayzor, Vickery &**<br>**        Williams, LLP**<br>1600 Smith St., Ste. 5000<br>Houston, TX 77002 |
| **Defendant/Appellee:** | **Counsel for Defendant/Appellee:** |
| **COFACE SEGURO DE**<br>**CREDITO MEXICO, S.A. DE C.V.,**<br>**as attorney by endorsement for**<br>**Banco Monex, S.A., Institucion**<br>**De Banco Multiple, and Monex**<br>**Grupo Financiero** | David Lopez<br>Leslie Sara Hyman<br>Lance Hunter "Luke" Beshara<br>Ryan C. Reed<br>**Pulman, Cappuccio, Pullen,**<br>**        Benson & Jones, LLP**<br>2161 NW Military Hwy, Ste. 400<br>San Antonio, Texas 78213<br><br>(con't) |

Peter M. Kelly
**Kelly Durham & Pittard, LLP**
1005 Heights Blvd.
Houston, Texas 88008
pkelly@texasappeals.com

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ......................................................... ii

TABLE OF CONTENTS ............................................................................... iv

INDEX OF AUTHORITIES ........................................................................... vi

STATEMENT OF THE CASE ....................................................................... vii

STATEMENT OF JURISDICTION ............................................................... vii

APPELLATE RECORD FOR THE MOTION ................................................. vii

INTRODUCTION AND SUMMARY .............................................................. 1

STATEMENT OF FACTS ............................................................................. 2

    A.    Austin's Home Purchased From "Ojeda," Coface's Bexar County Judgment Against "Miranda," and Coface's Abstract of Judgment. ..................................................................................... 2

    B.    In 2014, Coface Obtains an Ex Parte Execution Order From a Bexar County District Court Regarding Austin's Property, and Austin Files The Suit Underlying This Appeal in Harris County. ............................................................................................. 3

    C.    The Harris County District Court Enters an Order Allowing Austin to Suspend the Effect of the Declaratory Judgment Upon Posting a Bond. ........................................................................... 5

    D.    In 2015, Coface Returns to Bexar County to Obtain a New Execution Order to Evade the Harris County Order Allowing Austin to Suspend The Effect of the Declaratory Judgment Pending Her Appeal. .......................................................................... 6

    E.    Coface Has Refused Austin's Requests to Halt the Sale of Her Home During the Pendency of This Appeal, Even Though Coface is Secured in the Amount of the Rental Value of the House During an Appeal. ................................................................... 6

ARGUMENT ..................................................................................................8

    A.     This Court Has the Authority to Protect
           Its Jurisdiction to Decide This Appeal. ..................................................8

    B.     This Court Should Halt the Sale of Austin's Property and
           Prevent Coface From Further Attempting to Have the Property
           Sold During Austin's Appeal. ............................................................12

    C.     Temporarily Preventing the Sale of Austin's Property Would
           Not Harm Coface, Because Austin's Bond Secures Coface
           From Harm. ......................................................................................14

    D.     Response to Coface's Anticipated Arguments....................................14

PRAYER .....................................................................................................17

CERTIFICATE OF CONFERENCE.........................................................19

CERTIFICATE OF SERVICE ..................................................................19

CERTIFICATE OF COMPLIANCE .........................................................20

# INDEX OF AUTHORITIES

**Page(s)**

**CASES**

*Carpenter v. Hausman*,
  601 S.W.2d 88 (Tex. Civ. App. –San Antonio 1980, no writ)...............10, 12, 15

*Dallas Morning News, Inc. v. Fifth Court of Appeals*,
  842 S.W.2d 655 (Tex. 1992) ......................................................................9

*Dawson v. First Nat'l Bank of Troup*,
  417 S.W.2d 652 (Tex. Civ. App. – Tyler 1967, no writ) ...................9, 12, 14, 15

*In re Jim Walter Homes, Inc.*,
  207 S.W.3d 888 (Tex. App. – Houston [14th Dist.] 2006, no pet.) ...................17

*McIntire v. Sawicki*,
  353 S.W.2d 952 (Tex. Civ. App. – Eastland 1962, writ ref'd n.r.e.) .................16

*Nance v. Robertson*,
  588 S.W.2d 802 (Tex. Civ. App. – Houston [14th Dist.] 1979,
  writ ref'd n.r.e.)......................................................................................10

*Pace v. McEwen*,
  604 S.W.2d 231 (Tex. Civ. App. – San Antonio 1980, no writ).................passim

*Parsons v. Galveston Co. Employee's Credit Union*,
  576 S.W.2d 99 (Tex. Civ. App. – Houston [1st Dist.] 1978, no writ) .................9

*Pendleton Green Associates v. Anchor Sav. Bank*,
  520 S.W.2d 579 (Tex. Civ. App. – Corpus Christi 1975,
  orig. proceeding)...............................................................................10, 12, 15

*Riverdrive Mall, Inc. v. Larwin Mortg. Investors*,
  515 S.W.2d 2 (Tex. Civ. App. – San Antonio 1974,
  writ ref'd n.r.e.).............................................................................10, 12, 14, 15

**STATUTES**

Texas Government Code § 22.221(a) .......................................................2, 8, 12

**STATEMENT OF THE CASE**

Nature of the Case:  This case concerns whether an abstract of judgment that Defendant-Appellee Coface Seguro de Credito Mexico, S.A. de C.V. ("Coface") filed with the Harris County Clerk created a judgment lien that attached to real property that Plaintiff-Appellant Carolyn P. Austin ("Austin") now owns.

Trial Court:  A Harris County District Court granted a motion for partial summary judgment on Coface's claim for a declaratory judgment and held (a) that Coface's abstract of judgment created a lien on what is now Austin's property and (b) that when Austin later purchased the property, she acquired it subject to Coface's judgment lien. (**Motion R. Tab I**). On August 21, 2015, the trial court entered a Final Judgment making its declaration final. (**Motion R. Tab J**).

**STATEMENT OF JURISDICTION**

On September 3, 2015, Austin timely filed a notice of appeal. (**Motion R. Tab K**). This Court thus has jurisdiction over this appeal.

**APPELLATE RECORD FOR THE MOTION**

Under Texas Rule of Appellate Procedure 10.2, Austin is filing along with this Motion a separate record that attaches certified copies of pleadings and other pertinent items, as well as affidavits for other facts, to serve as the record on this Motion. The record for this Motion is cited as "**Motion R. Tab __.**"

## INTRODUCTION AND SUMMARY

The fundamental issue in this case is whether a home in Houston that Austin now owns was subject to a judgment lien before Austin purchased the property—in other words, whether a judgment lien was created when Coface filed an abstract of judgment with the Harris County Clerk against its judgment debtor. The 270th Judicial District Court of Harris County, Texas, Judge Brent Gamble presiding, decided the issue and entered a declaratory judgment holding that Coface's filing of its abstract created a judgment lien on the home Austin later purchased. Because that ruling conflicts with Texas law, Austin has perfected an appeal to this Court.

However, as explained below, the procedural history of Coface's assertions that it has a judgment lien on Austin's property is unusual and has led to the need to seek emergency relief from this Court to preserve the Court's jurisdiction.

The *Harris County* judgment that is now on appeal before this Court is the *only* ruling that has adjudicated Coface's and Austin's competing claims regarding whether there is a valid judgment lien on Austin's property. Nonetheless, Coface has (a) obtained from the *Bexar County* District Clerk a writ of execution requiring a constable's sale of Austin's home and (b) delivered that writ to a Harris County constable, who has posted Austin's home for sale on ***December 1, 2015***.

If the constable forcibly sells Austin's home, the sale would destroy the subject matter of this litigation—Austin's ownership rights in her home. This

Court has the authority under Texas Government Code § 22.221(a) to enter orders to preserve its jurisdiction to decide this appeal. Appellate courts routinely use that power to temporarily bar parties from forcing the sale of property that is the subject of an appeal. Austin thus presents this Emergency Motion to ask this Court to prohibit the forced sale of her home during the pendency of this appeal so as to preserve the subject matter of the case and protect this Court's jurisdiction to decide this appeal. Additionally, given the pending constable sale date, **_Austin requests that this Court grant immediate interim relief prohibiting the December 1, 2015 sale and otherwise give expedited consideration to this Motion_**.

## STATEMENT OF FACTS

**A.      Austin's Home Purchased From "*Ojeda*," Coface's Bexar County Judgment Against "*Miranda*," and Coface's Abstract of Judgment.**

1.      In July of 2013, Austin purchased a house located at 3614 St. Tropez Way in Houston, Harris County, Texas from—as the Warranty Deed recites and as the seller's name was indexed in the Harris County real property records—"*Rafael Ojeda*." *See* General Warranty Deed (**Motion R. Tab A**, p.1) (Austin's Traditional Motion for Summary Judgment, Ex. A); Harris County Real Property Records Search for Ojeda (**Motion R. Tab B**, p.3) (*Id.*, Ex. D).

2.      Earlier, in April of 2013, Coface filed in a _Bexar County District Court_ a foreign judgment that it had obtained from a court in Mexico against "*Rafael Augusto Martin Ojeda Miranda*." On May 6, 2013, Coface prepared and

filed with the Harris County Clerk an abstract of judgment with the last name of the debtor listed as "*Miranda.*" *See* Abstract of Judgment (**Motion R. Tab C**, p.1) (Coface's Response to Plaintiff's Traditional Motion for Summary Judgment, Ex.2). The Harris County Clerk then indexed that abstract in its real property records against the last name "*Mirandas.*" *See* Stanart Aff. ¶¶ 8-9 & Ex. B (**Motion R. Tab D**, pp.3-4 & 8) (Coface's Response to Plaintiff's Traditional Motion for Summary Judgment, Ex.3).

3.      It turns out that "Ojeda" and "Miranda" are the same person. That fact gives rise to the dispute between Coface and Austin. Coface claims its abstract indexed against "*Mirandas*" created a judgement lien on the property "*Ojeda*" sold to Austin, even though the abstract was not indexed in the Harris County real property records against "*Ojeda.*" Austin disagrees.

**B.      In 2014, Coface Obtains an *Ex Parte* Execution Order From a Bexar County District Court Regarding *Austin's* Property, and Austin Files The Suit Underlying This Appeal in Harris County.**

4.      Coface learned that Austin had purchased the home at issue. Coface sued Austin in another Bexar County district court, claiming that Austin acquired the home through a fraudulent transfer. Coface deposed Austin in that suit (where she was represented by counsel) on March 19, 2014. *See* Deposition of Carolyn Austin (**Motion R. Tab E**). Coface then non-suited that case without seeking any determination that Coface had a valid judgment lien on Austin's home.

5.      Without giving Austin any notice whatsoever, Coface then filed a July 2014 *ex parte* motion with the judge in the Bexar County District Court case associated with Coface's registration of its foreign judgment against "*Miranda*." In that motion, Coface represented that it had a judgment lien on what was then *Austin's* property and sought an order for the issuance of a writ of execution for the sale of what is still Austin's home. *See* Motion for Order of Sale (**Motion R. Tab F**, pp. 7-9). Although Austin did not have notice or an opportunity to be heard, a Bexar County District judge granted Coface's motion, *see* Order on Motion for Order of Sale (*Id.* at pp. 46-47), and Coface obtained a writ of execution.

6.      In August of 2014, Austin learned that Coface was attempting to have her property sold due to the 2014 Bexar County execution order. She thus filed the suit that underlies this appeal in Harris County, Texas. *See* Plaintiff's Verified Original Petition (**Motion R. Tab G**) (filed August 8, 2014).

7.      Shortly after Austin filed this case, Judge Gamble, the judge of the Harris County trial court, entered an order restraining Coface from having Austin's property sold during the case. *See* Coface's Motion to Enter Final Judgment (**Motion R. Tab H**, pp. 2-3) (noting same).

8.      In the Harris County case, Coface filed a counterclaim for declaratory relief, seeking a ruling that it has a valid judgment lien on what is now Austin's property. Judge Gamble ultimately agreed with Coface. Through a final

Declaratory Judgment signed August 21, 2015, Judge Gamble awarded Coface relief, declaring that (a) Coface's abstract created a judgment lien on what is now Austin's property and (b) when Austin purchased the property, she acquired it subject to that lien. *See* Order Granting Coface's Motion for Partial Summary Judgment (**Motion R. Tab I**); Final Judgment (**Motion R. Tab J**).

9.      The Harris County District Court's Declaratory Judgment is the ***only*** adjudication that holds that Coface's abstract indexed against "*Mirandas*" created a lien on the property Austin acquired from "*Ojeda*."

10.      Austin timely filed a notice of appeal of the final Declaratory Judgment and thus perfected her appeal. *See* Notice of Appeal (**Motion R. Tab K**).

**C.      The Harris County District Court Enters an Order Allowing Austin to Suspend the Effect of the Declaratory Judgment Upon Posting a Bond.**

11.      On September 18, 2015, after a hearing on the matter, Judge Gamble entered an order in the Harris County suit underlying this appeal providing that Austin could suspend enforcement of the Declaratory Judgment by posting a bond in the amount of $212,000.00—what Judge Gamble found to be the rental income the property could produce during an appeal. *See* Order on Motion to Set Amount of Security to Suspend Enforcement of Judgment (**Motion R. Tab L**).

12.      On September 30, 2015, Austin filed with the Harris County District Clerk a Corrected Supersedeas Bond, and the Clerk approved that bond. *See* Corrected Supersedeas Bond (**Motion R. Tab M**). Through the Bond, Coface is

entitled—if it prevails on appeal—to collect $212,000.00 for the value of the property interest's rent or revenue during the pendency of the appeal. *Id.*

**D.     In 2015, Coface Returns to Bexar County to Obtain a New Execution Order to Evade the Harris County Order Allowing Austin to Suspend The Effect of the Declaratory Judgment Pending Her Appeal.**

13.     When Judge Gamble entered final judgment in the Harris County case, he lifted (as he had to) the order he had entered prohibiting Coface from causing a constable to sell Austin's home during the pendency of the case in the trial court. *See* Final Judgment (**Motion R. Tab J**, p.2).

14.     Coface then returned to *Bexar County* and—using the same July 2014 *ex parte* order that it had obtained from a Bexar County district judge in the case involving Coface's registration of a foreign judgment against *Miranda* alone— obtained a September 8, 2015 execution order from the Bexar County District Clerk that again requires a constable's sale of what is now *Austin's* home. *See* Request for Abstract of Judgment/Writ of Execution (**Motion R. Tab N**) & Execution Order (**Motion R. Tab O**) (Coface's Response to Plaintiff's Motion to Set Amount of Security, Ex. A).

**E.     Coface Has Refused Austin's Requests to Halt the Sale of Her Home During the Pendency of This Appeal, Even Though Coface is Secured in the Amount of the Rental Value of the House During an Appeal.**

15.     Although she has posted a bond promising to pay Coface $212,000.00 if Coface prevails on this appeal, Coface has not ceased its efforts to have a Harris

County constable forcibly sell Austin's home, and Austin has not been able to suspend enforcement of the September 2015 Bexar County execution order.

16. Coface delivered the September 8, 2015 Bexar County execution order to the Harris County Constable for Precinct 5. When Coface did so, it included a copy of the *Harris County* Declaratory Judgment. *See* District Court Affidavit of Carolyn P. Austin at ¶ 2 & Ex. 1, pp.45-49 (**Motion R. Tab P**, pp. 1 & 46-50). Coface initially had the constable set a forced sale of Austin's home for November 3, 2015. *Id.* at Ex. 1, p.1 (**Motion R. Tab P**, p.2).

17. Because the Bexar County execution order was trying to enforce a judgment lien on Austin's property (after all, Coface sent the *Harris County* Declaratory Judgment to the constable), and because the *only* adjudication that said Coface had such a lien was the Harris County Declaratory Judgment, which Austin has appealed, Austin initially sought to obtain a writ of supersedeas from the Harris County District Clerk to halt the forced sale of Austin's home. After the Harris County District Clerk approved Austin's bond, one of the undersigned counsel for Austin asked the Harris County District Clerk's office to issue a writ of supersedeas to halt the sale, but the clerk's office refused to do so on the grounds that the Harris County District Clerk had not issued the execution order.

18. Austin then asked the Bexar County District Clerk's office for a writ of supersedeas to halt the sale of her home. To do so, counsel for Austin presented

to the Bexar County District Clerk's office a copy of Judge Gamble's order allowing Austin to suspend the Declaratory Judgment during her appeal and a separate original version of a Corrected Supersedeas Bond. *See* Order & Bond (**Motion R. Tab Q**, at pp. 12-13 & 14-16) (Coface's Response to Plaintiff's Emergency Motion in the Harris County, Exs. 2 & 3).

19. The Bexar County District Clerk initially issued a writ of supersedeas, and a November sale did not occur. *Id.* at p.17 (Coface's Response, Ex. 4). Coface filed a motion to dissolve the writ of supersedeas in the Bexar County *Coface v. Miranda* case, and a Bexar County trial court judge signed an order dissolving that writ and awarded Coface attorney's fees as well as expenses for re-posting Austin's home for a forced sale. *Id.* at pp. 25-27 (Coface's Response, Ex. 8).

20. The Harris County Constable has now scheduled the forced sale of Austin's property for December 1, 2015. *See* Affidavit of Carolyn P. Austin at ¶ 2 & Ex. A, p.1 (**Motion R. Tab F**, pp. 1 & 4).

## ARGUMENT

### A. This Court Has the Authority to Protect Its Jurisdiction to Decide This Appeal.

Texas Government Code § 22.221(a) states that "[e]ach court of appeals or a justice of a court of appeals may issue a writ of mandamus and all other writs necessary to enforce the jurisdiction of the court." The Supreme Court has explained that, under this statute, a "court of appeals may issue such a writ to

prevent an appeal from becoming moot." *Dallas Morning News, Inc. v. Fifth Court of Appeals*, 842 S.W.2d 655, 658 (Tex. 1992). This Court has similarly held that it may issue orders "to preserve the subject matter pending appeal and prevent the case from becoming moot." *Parsons v. Galveston Co. Employee's Credit Union*, 576 S.W.2d 99, 99-100 (Tex. Civ. App. – Houston [1st Dist.] 1978, no writ).

Courts of appeals routinely use this power to temporarily bar parties from forcing the sale of property that is the subject of an appeal in order to preserve the subject matter of the case and protect the court's jurisdiction to decide the appeal.

For example, appellate courts have protected their jurisdiction by prohibiting trustees from using deeds of trust to foreclose on real property belonging to individuals, where those individuals have sued the trustees to restrain them from foreclosing and the individuals have appealed trial court orders refusing to grant a temporary injunction to halt the sale. *See Dawson v. First Nat'l Bank of Troup*, 417 S.W.2d 652, 653 (Tex. Civ. App. – Tyler 1967, no writ). The *Dawson* court noted that "[n]o principle is better settled than that a court will protect its jurisdiction by preserving the subject matter of the litigation in order to make its decrees effective." *Id.* Explaining that allowing a sale would "destroy the subject matter of the appeal, and thereby prevent the effective operation of any judgment this court might render" favorable to the individual, the court held that it could prevent such an ultimate judgment from being "a nullity" by prohibiting a forced sale. *Id.*

Other courts of appeals have entered similar orders. *See*, *e.g.*, *Riverdrive Mall, Inc. v. Larwin Mortg. Investors*, 515 S.W.2d 2, 4 (Tex. Civ. App. – San Antonio 1974, writ ref'd n.r.e.) (where party perfected appeal of trial court order denying application for a temporary injunction to enjoin opposing parties from selling property under a deed of trust executed by the first party to secure a loan from opposing parties, court of appeals prohibited the opposing parties from causing a sale because "an appellate court will protect its jurisdiction by preserving the subject matter of the litigation in order to make its decrees effective"); *Pendleton Green Associates v. Anchor Sav. Bank*, 520 S.W.2d 579, 581-82 (Tex. Civ. App. – Corpus Christi 1975, orig. proceeding) (same); *Carpenter v. Hausman*, 601 S.W.2d 88, 89 (Tex. Civ. App. – San Antonio 1980, no writ) (same).

Likewise, another appellate court has barred a partnership from selling an individual partner's interest in the partnership under a security agreement because, if the sale were completed, the individual partner's appeal challenging the partnership's authority to sell would have been moot. *Nance v. Robertson*, 588 S.W.2d 802, 803 (Tex. Civ. App. – Houston [14th Dist.] 1979, writ ref'd n.r.e.).

Here, Austin seeks to temporarily prevent Coface from executing on what is now *her* property so as to allow this Court to decide her appeal. Whether a writ of supersedeas was or was not separately obtainable is of no consequence. Texas courts recognize that they have the power to prevent the sale of a person's property

separate and apart from proceedings to issue a writ of supersedeas. *See Pace v. McEwen*, 604 S.W.2d 231, 232 (Tex. Civ. App. – San Antonio 1980, no writ). In *Pace*, McEwan obtained a money judgment against Pace in 1977 in Bexar County. A few years after that judgment became final, McEwan sought an order allowing him to execute on property that Pace owned in Harris County. The Bexar County court entered a judgment in 1980 stating that Pace's property was subject to execution and requiring that the Harris County Sheriff sell the property. When Pace appealed the 1980 judgment, he asked the court of appeals to stop his property from being sold during his appeal. *Id.* at 232. The court granted Pace's request so as to preserve the efficacy of the decision it would reach, and in doing so, rejected McEwan's argument that Pace was not entitled to halt the sale because he had not superseded the 1977 judgment. The court explained that the availability of supersedeas to a litigant was distinct from the court's power to protect the efficacy of the decision it would reach on the appeal of the 1980 judgment, and did not limit its power to enter orders concerning the 1980 judgment. *Id.* at 233.

This Court's authority to grant Austin relief is thus clear. This Court has the authority to halt the sale of what is now Austin's home, and this Court's authority is independent of Austin's ability or inability to obtain relief from another source.[1]

---

[1]     Because Austin's appeal is already pending, Austin has brought this Motion under Tex. R. App. P. 10. If the Court considers the relief Austin seeks to be another species of request for relief, such as an ancillary matter, Austin asks that the Court consider this Motion such a request.

**B.** **This Court Should Halt the Sale of Austin's Property and Prevent Coface From Further Attempting to Have the Property Sold During Austin's Appeal.**

The ***only*** adjudication of Austin's claim that Coface's abstract of judgment did not create a valid judgement lien on her property is Judge Gamble's Harris County Declaratory Judgment. This Court has jurisdiction over Austin's appeal of that judgment, as Austin timely filed a notice of appeal of that judgment and perfected an appeal to this Court. *See* Notice of Appeal (**Motion R. Tab K**). Texas Government Code § 22.221(a) thus gives this Court the power to prevent the sale of Austin's home so as to preserve the subject matter of this case and protect this Court's jurisdiction to decide this appeal.

This Court should enter an order preventing the sale of Austin's home. If the pending December 1, 2015 forced sale of that property is not halted, and if Coface is not restrained from further attempting to cause the sale of Austin's property, the subject matter of this appeal—Austin's ownership rights in her home—would be destroyed and this appeal would become moot. Other Texas appellate courts have entered such orders in similar circumstances. *See Dawson*, 417 S.W.2d at 653; *Riverdrive Mall, Inc.*, 515 S.W.2d at 4; *Pendleton Green Assoc.*, 520 S.W.2d at 581-82; *Carpenter*, 601 S.W.2d at 89. This Court should too. Indeed, this case is analogous to *Pace v. McEwen*, in which another appellate court halted the sale of an appellant's property by the appellee where the issue was also whether the

appellant's property was subject to execution and the appellant could not supersede the underlying money judgment. 604 S.W.2d at 232.[2]

Temporarily preventing the sale of Austin's home is also not unprecedented *in this very case*. When this case was initially filed, the Harris County district court enjoined Coface from proceeding with a July 2014 execution in order to prevent Coface from interfering with the adjudication of Austin's claim that Coface's abstract did not create a lien on her property. *See* Coface's Motion to Enter Final Judgment (**Motion R. Tab H**, pp. 2-3) (noting same). This Court should simply reinstate that injunction for the duration of Austin's appeal.

Coface's purpose in seeking to force a sale of Austin's property appears to be to obstruct Austin's right to appeal the only adjudication of the parties' dispute as to whether a judgment lien exists on Austin's home. Coface obtained the present September 2015 execution from the Bexar County District Clerk in the Bexar County *Coface v. Miranda* case even though such an execution does not enforce the Bexar County judgment *against Miranda*, it enforces a *judgment lien on Austin's property*, which only the Harris County court has adjudicated.

---

[2] In *Pace*, the appellant who was appealing the 1980 judgment allowing execution was also the judgment debtor in the underlying 1977 money judgment, but that person had not (and, given the passage of time, could not) supersede the underlying 1997 judgment. Here, Austin was not named as a party in the underlying Bexar County *Coface v. Miranda* suit under which Coface obtained the present September 8, 2015 execution order. This distinction shows that relief from this Court is even more appropriate, since Austin has been unable to obtain a writ of supersedeas.

**C.** **Temporarily Preventing the Sale of Austin's Property Would Not Harm Coface, Because Austin's Bond Secures Coface From Harm.**

Entering an order temporarily preventing the sale of Austin's home would not harm Coface. In the underlying Harris Court case, Judge Gamble ordered that Austin could suspend enforcement of the Declaratory Judgment by posting a bond in the amount of $212,000.00—what Judge Gamble found to be the rental income the property could produce during an appeal. *See* Order on Motion to Set Amount of Security to Suspend Enforcement of Judgment (**Motion R. Tab L**). On September 30, 2015, Austin filed, and the Harris County District Clerk approved, such a bond. *See* Corrected Supersedeas Bond (**Motion R. Tab M**).

Although some courts have held that no security is required when an appellate court enters an order to protect its jurisdiction, *see Dawson*, 417 S.W.2d at 654, other courts have held that they may require security for such an order, *see Riverdrive Mall, Inc.*, 515 S.W.2d at 4. Even if security is required, Austin has already provided it. To be clear: Austin's Harris County Corrected Supersedeas Bond can be used as security for an order of this Court to suspend sale of Austin's home during appellate proceedings.

**D.** **Response to Coface's Anticipated Arguments.**

Coface may contend that this Court should not prevent the forced sale of Austin's home. Based on prior arguments Coface has made, Austin can briefly respond to certain arguments Coface may raise.

*First*, this Court should reject any argument that the Court should not halt the force sale of Austin's home because she does not have a probable right to relief on the merits of her appeal.

Initially, courts that have issued orders preventing the sale of property that is the subject of an appeal have issued those orders without evaluating the appellant's chances of success on appeal. *Dawson*, 417 S.W.2d at 653; *Riverdrive Mall, Inc.*, 515 S.W.2d at 4; *Pendleton Green Assoc.*, 520 S.W.2d at 581-82; *Carpenter*, 601 S.W.2d at 89. They do so because an appellate court enters an order preventing the destruction of the subject matter of an appeal "only for [the] limited purpose [of protecting its jurisdiction] and not for the purpose of protecting a litigant, [and an appellate court's] exercise of that power in no degree depends upon the rights of a litigant or the remedies available to him." *Pace*, 604 S.W.2d at 233.

Moreover, even if a consideration of Austin's chances of success on appeal were relevant, Austin will likely prevail. The issue in this appeal is whether Coface's Harris County abstract of judgment that was indexed against "*Mirandas*" created a judgement lien on the property that Austin purchased from "*Ojeda*"—as the Warranty Deed recites and as the seller's name was indexed in the Harris County real property records. Although Judge Gamble disagreed, Texas courts have repeatedly held that an abstract indexed in a county's real property records against one name does not create a judgment lien on property held (as indexed in

those records) under a different name. *See*, *e.g.*, *McIntire v. Sawicki*, 353 S.W.2d 952, 953 (Tex. Civ. App. – Eastland 1962, writ ref'd n.r.e.) (abstract of judgment indexed against "Munger" did not create a lien on property held under the name "Monger" even though Munger and Monger were the same person).

**_Second_**, Coface may suggest that this Court should not protect its jurisdiction on the grounds that Austin has unclean hands because counsel for Austin requested and obtained a writ of supersedeas from the Bexar County District Clerk which, Coface contends, should not have been issued, and which caused a delay in the schedule of the forced sale of Austin's home from November to December of 2015. This Court should reject any such argument.

While Austin would deny any suggestion that she has unclean hands, this Court need not delve into such an issue. First, as noted above, appellate courts enter orders to prevent the destruction of the subject matter of an appeal in order to preserve their own jurisdiction to decide a case and "not for the purpose of protecting a litigant." *Pace*, 604 S.W.2d at 233. Because a court's "exercise of that power in no degree depends upon the rights of a litigant or the remedies available to him," *id.*, an argument that Austin has unclean hands does not deprive this Court of its power to protect its jurisdiction. Second, courts do not apply the equitable doctrine of unclean hands when an alleged victim has "not been seriously harmed and the wrong complained of can be corrected without applying the doctrine." *In*

*re Jim Walter Homes, Inc*., 207 S.W.3d 888, 899 (Tex. App. – Houston [14th Dist.] 2006, no pet.). While Coface may complain that Austin has unclean hands arising from the fact that she obtained a writ of supersedeas from the Bexar County District Clerk, a Bexar County district judge dissolved that writ and even awarded Coface the attorney's fees it incurred in pursuing the motion to dissolve and the cost of reposting Austin's home for a forced sale. (**Motion R. Tab Q**, pp. 25-27). Coface cannot say that it has been seriously harmed.

## PRAYER

For the reasons stated above, this Court should enter an order that:

(a) enjoins any sale, pursuant to any Execution and Order of Sale entered in Bexar County District Court Case No. 2013-CI-05581, of the property owned by Carolyn P. Austin ("Austin"), described as follows:

> 3614 St. Tropez Way, Houston, Harris County, Texas, more particularly described as Lot Twenty-Two (22), In Block One (1) of Royal Oaks Country Club, Section Eleven (11), a subdivision in Harris County, Texas according to the map or plat thereof recorded under Film Code No. 519188 of the Map Records of Harris County, Texas (the "Property")

until the final conclusion of Austin's appeal pending as No. 01-15-00760-CV in this Court;

(b) requires Coface, its agents, servants, employees, attorneys, and all those acting in concert with them to take all steps necessary to cause the Harris County Constable for Precinct 5 (or any other sheriff or constable) to cease and desist from

taking any action to seize or sell the Property until the final conclusion of Austin's appeal pending as No. 01-15-00760-CV in this Court; and

(c) prohibits Coface, its agents, servants, employees, attorneys, and all those acting in concert with them from taking any further action to seek execution on the Property until the final conclusion of Austin's appeal pending as No. 01-15-00760-CV in this Court.

Respectfully submitted,


\_\_/s/ Scott M. McElhaney_____
John A. Koepke
Texas State Bar No. 11653200
Scott M. McElhaney
Texas State Bar No. 00784555
**JACKSON WALKER L.L.P.**
2323 Ross Ave., Ste. 600
Dallas, TX 75201
Telephone: (214) 953-6000
Facsimile: (214) 953-5822
E-mail: smcelhaney@jw.com
E-mail: jkoepke@jw.com

Jennifer A. Bryant
State Bar No. 03276600
**JACKSON WALKER L.L.P.**
1401 McKinney St., Ste. 1900
Houston, Texas 77010
Telephone: (713) 752-4200
Facsimile: (713) 752-4221
E-mail: jbryant@jw.com

**ATTORNEYS FOR APPELLANT
CAROLYN P. AUSTIN**

## CERTIFICATE OF CONFERENCE

This is to certify that counsel for Austin and counsel for Coface have conferred about the relief requested in this Motion, and that Coface is opposed. This motion is thus presented to the Court for determination.

__/s/ Scott M. McElhaney_____

## CERTIFICATE OF SERVICE

This is to certify that on this 5th day of November, 2015, a true and correct copy of the foregoing was served on the following counsel of record for Appellee via the method indicated:

*Via Electronic Service and E-mail*

David Lopez
Leslie Sara Hyman
Lance Hunter "Luke" Beshara
Ryan C. Reed
Pulman, Cappuccio, Pullen, Benson & Jones, LLP
2161 NW Military Hwy, Suite 400
San Antonio, Texas 78213
dlopez@pulmanlaw.com
lhyman@pulmanlaw.com
lbeshara@pulmanlaw.com
rreed@pulmanlaw.com

Peter M. Kelly
Kelly Durham & Pittard, LLP
1005 Heights Blvd.
Houston, Texas 88008
pkelly@texasappeals.com

__/s/ Scott M. McElhaney_____

## CERTIFICATE OF COMPLIANCE

To the extent the Rule applies, this motion complies with the type-volume limitation of Tex. R. App. P. 9.4(i) because, exclusive of the matters excepted from the word count limitations of the Rule, this motion contains 4,481 words and is prepared in Times New Roman 14 for the body text and Times New Roman 12 for footnotes.

_/s/ Scott M. McElhaney_____

14986993v.2